John E. Mortimer, Esq. (SBN: 130526)
LAW OFFICE OF JOHN E. MORTIMER
43980 Mahlon Vail Circle#806
Temecula, California 92592
Tel. (951) 297-1504
E-mail: johnemortimer@gmail.com

Attorney for Plaintiff,
EMILIO VASQUEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EMILIO VASQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, ASTRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58; RECONTRUST COMPANY, N.A.; and DOES 1 – 10 inclusive,<br><br>        Defendants. | **Case No. 8:15-cv-00006 DOC (DFMx)**<br><br>*Assigned for all purposes to:*<br>*Judge David O. Carter*<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[(Removed from Orange County Superior Court, Case No. 30-2014-00759017-CU-OR-CJC)<br><br><u>**Hearing Date:**</u><br>**DATE: February 16, 2015**<br>**TIME: 8:30 a.m.**<br>**COURTROOM: 9D**<br><br>*Complaint Filed: December 1, 2014*<br>*Trial Date: None Set* |

LAW OFFICE OF JOHN E. MORTIMER
43980 Mahlon Vail Circle, Temecula, California 92592 Tel. ((951) 297-1504

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on February 16, 2015 at 8:30 a.m. or as soon thereafter as this matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff, EMILIO VASQUEZ ("Plaintiff") will move the Court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Superior Court in and for the County of Orange and granting attorneys fees and costs to Plaintiff.

This motion is made following the conference of counsel pursuant to *Local Rule 7-3* which took place on January 7, 2015. Plaintiff's Motion for Remand is based on this Notice of Motion and Motion, the memorandum of law in support of this motion, and on the complete files and records of this action and on such other oral and/or documentary evidence as may be presented.

DATED: January 12, 2014                    LAW OFFICE OF JOHN E. MORTIMER


                                           BY:   /s/ John E. Mortimer
                                                 JOHN E. MORTIMER, ESQ.
                                                 Attorney for Plaintiff,
                                                 EMILIO VASQUEZ

2

**NOTICE OF MOTION AND MOTION TO REMAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff EMILIO VASQUEZ ("Plaintiff") opposes what appears to be the removal of the above-captioned action from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District by Defendant BANK OF AMERICA, N.A. ("BANA"). It seems Defendant BANA is confused as to which action it intends to direct their Notice of Removal to, referring to an action entitled *Trigueiro v. Bank of America, N.A., et al* (See Notice of Removal ¶ 1, line 3).

Plaintiff initiated his action by filing a Complaint against Defendants, BANK OF AMERICA, N.A. (hereinafter referred to as "BANA"; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58 (hereinafter referred to as "BONYM"); RECONTRUST COMPANY, N.A.(hereinafter referred to as "RECONTRUST"; and DOES 1 – 10 inclusive, in the Superior Court of California entitled *Vasquez v. Bank of America, N.A., et al*,  in and for the County of Orange on December 1, 2014, where it was assigned case number 30-2014- 00759017-CU-OR-CJC ("State Court Action"). Plaintiff filed the State Court Action to protect his interest in the real property located at **16702 Mount Baxter Circle, Fountain Valley, California**

1

**92708** in the County of Orange (hereinafter the "Subject Property"). Defendants BANA and RECONTRUST were personally served with the State Court Action on or about December 3, 2014 and service was effectuated by certified mail on Defendant BONYM on or about December 9, 2014.

The State Court Action concerns Plaintiff's modification, servicing, and wrongful foreclosure related to the Subject Property. The State Court Action sets forth eight (8) causes of action, including Cancellation of Instruments recorded in Violation of CA Civil Code § 3412, Quiet Title, Violations of Civil Code §2924.10, Violations of Civil Code §2923.6, Negligence, Negligent Misrepresentation, Breach of Implied Covenant of Good Faith and Fair Dealing and unlawful and fraudulent business practices in Violation of CA B&P Code §17200.

## II.   ARGUMENT

### A. *REMOVAL TO FEDERAL COURT IS NOT PROPER BECAUSE THE COURT LACKS JURISDICTION*

BANA invokes the court's diversity jurisdiction under 28 U.S.C. §1332. The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co*., 592 F. 2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or meets the requirements for diversity jurisdiction. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).

**NOTICE OF MOTION AND MOTION TO REMAND**

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co*., 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988)).

Plaintiff's operative complaint is directed towards causes of action that are best suited for resolution in the trial courts. Defendant BANA disregards the fact that Plaintiff asserted claims created by state (statutory) law, and not federal law. California Homeowner's Bill of Rights ("HBOR") violations are not alleged as federal causes of action. Where there are valid state law causes of action, these should be resolved in the proper state court venue.

Moreover, the State Court Action concerns residential real property located in Orange County, California, the contract (which is the subject Deed of Trust encumbering the subject property focus of the present matter) was entered into in the state of California. All defendants are registered to do business in California and in entering into a contract in California, agree to adhere to the laws of California to resolve any disputes

**NOTICE OF MOTION AND MOTION TO REMAND**

within the contract. Removing Defendant BANA has not met their burden of establishing that the court has jurisdiction to hear this action.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.,* 167 F.3d 1261, 1265(9th Cir. 1999); see *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Where there is doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1091 (9th Cir. 2003) (citing Gaus, 980 F.2d at 566). If there is any doubt that the amount in controversy does not exceed $75,000, the Court must remand the case.

### B. COMPLETE DIVERSITY BETWEEN PARTIES DOES NOT EXIST

BANA invokes the court's diversity jurisdiction under 28 U.S.C. § 1332. BANA contends that there is diversity of citizenship between the Plaintiff and Defendants, stating that BANA is a North Carolina citizen; BONYM is a New York citizen and opportunely claims that even though RECONTRUST IS a California Corporation (same as Plaintiffs), ***"RECONTRUST's citizenship is to be ignored for purposes of the diversity jurisdiction analysis."*** (See Notice of Removal Sub-division E, ¶¶ 6, 7) (Emphasis added).

Conclusively, BANA claims that Defendant RECONTRUST is a "nominal and/or ***sham party*** who was fraudulently joined to the action and whose consent is **not** required.

NOTICE OF MOTION AND MOTION TO REMAND

Plaintiff refutes this claim. When an action is removed based on diversity, complete diversity **must** exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant **must be a citizen of a different state from each plaintiff** ." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). (Emphasis added).

### 1. RECONTRUST is not a nominal or sham party.

While Defendants may argue ostensibly that RECONTRUST has been fraudulently joined, RECONTRUST, in its' duty as trustee did **not** even declare "non-monetary status" prior to removal. Under CA Civil Code § 2924l, which allows a trustee to declare "non-monetary status" if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." CA Civil Code § 2924l(a).

This section further provides that:

"In the event that no objection is served within the 15–day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding." *Id.* § 2924l(d).

Courts disagree whether a trustee's declaration of non-monetary status under California Civil Code section 2924l, standing alone, is sufficient to transmute a party into a nominal one for purposes of diversity jurisdiction. See *Hershcu v. Wells Fargo Bank, N.A.*, No. 12–CV–00096 BEN (BLM), 2012 WL 439698, at *2 (S.D. Cal. Feb.10, 2012) ("The citizenship of Cal–Western may not be ignored for diversity purposes because it has filed a declaration of non-monetary Status"). But see *Cabriales v. Aurora Loan Servs.*, No. C 10–161 MEJ, 2010 WL 761081, at *2 (N.D. Cal. Mar.2, 2010) (filing of declaration by trustee "transformed it into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction"). However, even if section 2924l were sufficient to transmute a defendant into a nominal party for diversity purposed of ascertaining federal subject matter jurisdiction, that is not even the issue here, as RECONTRUST's Non Monetary Status was **not** perfected before removal, thus, it can be securely and irrefutably construed that RECONTRUST is NOT a nominal/sham party.

### 2. Viable claims have been alleged against RECONTRUST in the operative Complaint.

In describing RECONTRUST as a party in the Complaint, Plaintiff defines RECONTRUST as a company providing *"financial services for mortgage industry in the United States. It offers default services, including foreclosure, bankruptcy, eviction, loss mitigation, and REO...etc."* and *"RECONTRUST is the putative Trustee and acting as agent for BANA"*. (See Complaint ¶ 4).  Further in the body of the Complaint, Plaintiff

alleges specific conduct against RECONTRUST, in contrast to Defendants' claim in their Notice of Removal, as stated below:

Plaintiff alleges that "On or about February 10, 2012, RECONTRUST recorded a Notice of Trustee Sale against the Subject Property while his loan modification was under review." (See Complaint ¶ 24). Plaintiff also alleges that "On or about February 11, 2013, Plaintiff's home was sold at a public auction for $668,000" and "a Trustee's Deed Upon Sale was recorded in favor of a RJ Comm Properties, Inc." (See Complaint ¶¶ 25, 26). These are specific dual-tracking violation and foreclosure action claims against RECONTRUST as the duly appointed trustee carrying out the foreclosure sale and the recordation of all notices therein.

In *Wilson v. Draper & Goldberg, PLLC* (2006) 443 F. 3d 373, the court held that a foreclosure action was an attempt to collect a "debt," and Defendants are not excluded from the definition of "debt collector" under 15 U.S.C.A. Sec. 692a(6)(F)(i) merely because they were acting as trustees foreclosing on a property pursuant to a deed of trust, and Defendants can still be "debt collectors" even if they were also enforcing a security interest.

The Complaint's First Cause of Action for Cancellation of Recorded Instruments in Violation of CA Civ. Code Sec. 3412, specifies that "On or about February 10, 2012, RECONTRUST executed a Notice of Trustee's Sale...the notice was signed by Rosselin Rincon, Assistant Vice President for RECONTRUST COMPANY, N.A." (See

Complaint ¶ 30). Further on, Plaintiff alleges that "...the Notice of Trustee's Sale contains a forged signature of the signatory, Rosselin Rincon..." (See Complaint ¶ 31). This constitutes a specific act of wrongdoing by an agent and/or employee of Defendant RECONTRUST.

In the Second Cause of Action for Quiet Title, Plaintiff alleges that "...the Trustee's Sale was initiated through fraud by a forgery of title instruments which were recorded with the Orange County Recorder's Office. Recorded documents, Assignment of DOT, NOD and Notice of Trustee's Sale were utilized in facilitating the Trustee's Sale of the subject property. Plaintiff further alleges that Defendants, and each of them, allegedly obtained the subject property through fraud and wrongful conduct and failed to adhere to the strict statutory requirements to effectuate the foreclosure sale of the subject property." (See Complaint ¶ 43).

In Plaintiff's Fourth Cause of Action for Violation of CA Civ. Code Sec. 2923.6, Plaintiff alleges "...the law prohibits "dual-tracking - a mortgage servicer, mortgagee, trustee, beneficiary of authorized agent may not record a Notice of Trustee's Sale or may not conduct a non-judicial foreclosure sale while a "complete" first lien modification application is pending. Therefore, Defendants may NOT conduct a Trustee's Sale." This cause of action is clearly directed as to all Defendants, including RECONTRUST as TRUSTEE.

**NOTICE OF MOTION AND MOTION TO REMAND**

Moreover, on the Seventh Cause of Action, Plaintiff states that "RECONTRUST AND BANA knowingly and fraudulently executed and recorded false instruments with the county public records with full knowledge that, in fact, those documents were false when executed and subsequently filed." (See Complaint ¶ 88(a) ).

Lastly, in the Eighth Cause of Action, Plaintiff alleges DEFENDANTS (including RECONTRUST) engaged in deceptive business practices through the recordation and filing of false instruments (See Complaint ¶¶ 95, 96).

Plaintiff has alleged operative facts of misconduct which serve as a basis for Plaintiff's claims against RECONTRUST, as aforementioned. These allegations refute BANA's contentions that RECONTRUST is: 1.) a sham party 2.) has been fraudulently joined and 3.) that no claims have been alleged against RECONTRUST.

If this honorable Court determines that RECONTRUST is not a nominal party that has been fraudulently joined, then diversity is defeated because, as it has been already established, RECONTRUST is a California citizen, same as Plaintiff.

## III.   ATTORNEYS' FEES

Plaintiff is entitled to attorneys' fees pursuant to 28 U.S.C. § 1447(c) for Defendant BANA's improper attempt to remove this case from the state court.

///

///

## IV.    MOTION IS TIMELY FILED

Plaintiff has filed this Motion for Remand within thirty (30) days of Defendant's filing of its Notice of Removal. This Motion for Remand is timely filed pursuant to 28 U.S.C. § 1447.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to remand, as this court lacks jurisdiction over this action. Removal to the United States District Court for the Central District of California has been undeniably improper because there is no federal question and complete diversity **DOES NOT** exist. Because removal is disfavored, any ambiguities are resolved against removal. Given removal's disfavor, federal removal statutes are strictly construed against the exercise of removal jurisdiction. *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002)); *Golden 1 Credit Union v. H & B Group, Inc.,* 2007 U.S. Dist. LEXIS 31142, at *7 (E.D. Cal. Apr. 27, 2007) ("The removal statute must be strictly construed, with all doubts and ambiguities resolved against removal and in favor of remand.") (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941)). This principle favors remanding this case to state court since BANA has not met their burden of establishing that the court has jurisdiction to hear this action.

**NOTICE OF MOTION AND MOTION TO REMAND**

**WHEREFORE**, Plaintiff respectfully request that the case be remanded back to the Superior Court of the State of California in and for the County of Orange.

DATED:  January 12, 2015                    LAW OFFICE OF JOHN E. MORTIMER

                                BY:    /s/ John S. Mortimer
                                       JOHN E. MORTIMER, ESQ.
                                       Attorney for Plaintiff,
                                       EMILIO VASQUEZ

NOTICE OF MOTION AND MOTION TO REMAND