John E. Mortimer, Esq. (SBN: 130526)
LAW OFFICE OF JOHN E. MORTIMER
43980 Mahlon Vail Circle#806
Temecula, California 92592
Tel. (951) 297-1504
E-mail: johnemortimer@gmail.com

Attorney for Plaintiff,
EMILIO VASQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EMILIO VASQUEZ,<br><br>               Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, ASTRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58; RECONTRUST COMPANY, N.A.; and DOES 1 – 10 inclusive,<br><br>               Defendants. | **Case No. 8:15-cv-00006 DOC (DFMx)**<br><br>*Assigned for all purposes to:*<br>*Judge David O. Carter*<br><br>**REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>[(Removed from Orange County Superior Court, Case No. 30-2014-00759017-CU-OR-CJC)<br><br>**Hearing Date:**<br>**DATE: February 16, 2015**<br>**TIME: 8:30 a.m.**<br>**COURTROOM: 9D**<br><br>*Complaint Filed: December 1, 2014*<br>*Trial Date: None Set* |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, EMILIO VASQUEZ ("Plaintiff") hereby submits this Reply in Support of his Motion to Remand, which is currently set to be heard on February 16, 2015 at 8:30 a.m. or as soon thereafter as this matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff, EMILIO VASQUEZ ("Plaintiff") hereby supplements his motion as follows.

## I. INTRODUCTION

In Plaintiff's Motion to Remand, Plaintiff makes the argument that this court lacks jurisdiction over this action because there is no federal question, diversity between all parties **does not** exist and the amount in controversy does not exceed $75,000. A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) <u>only</u> when the federal court has original jurisdiction. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). That is not the case in this matter. It is imperative for the court to note that Defendant RECONTRUST *was* not fraudulently joined in this action, did not perfect nominal status prior to removal AND is a California citizen, as is Plaintiff. BANA does not contest this fact in their Opposition; however in its' haste to remove this matter, simply arrived at the conclusion that RECONTRUST's citizenship is irrelevant.

## II. RECONTRUST'S IS A CALIFORNIA CITIZEN AND WAS NOT FRAUDULENTLY JOINED

Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the States in which they are respectively located." Plaintiff requests the Court to take judicial notice of the national banks list issued by the Office of the Comptroller of the Currency as of December 31, 2014, identifying RECONTRUST as being in Simi Valley, California consistent with Plaintiff's position RECONTRUST is undeniably a California citizen.[1] See attached hereto as **Exhibit "1".** See *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its Articles of association, is located."). Therefore, under § 1348, RECONTRUST is a citizen of California for diversity purposes.

Furthermore, Plaintiff has laid out specific actions performed by RECONTRUST for which RECONTRUST is liable. These have been delineated particularly as to RECONTRUST as a Defendant. Defendants fail to establish that RECONTRUST is fraudulently joined. RECONTRUST failed to perfect its' nominal status before removal by not filing a Declaration of Non-Monetary Status. To make a showing of fraudulent

---

[1] Plaintiff may take judicial notice of government reports. See *Pueblo of Sandia v. United States*, 50 F.3d 856, 861 n.6 (10th Cir. 1995). Other courts have taken judicial notice of the national banks list maintained by the Office of the Comptroller of the Currency. See *Fortucci v. RBS Citizens, N.A.,* 784 F. Supp. 2d 85, 88 (D. Mass. 2011).

joinder, Defendants "must demonstrate that there is no possibility" that Plaintiff will be able to establish a cause of action in state court against RECONTRUST. *Lantz v. DaimlerChrysler Corp.,* 2005 WL 1629937, at *1 (N.D. Cal.). There is a general presumption against finding fraudulent joinder, and Defendants carry "a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc*., 1141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Plaintiff has alleged sufficient facts suggesting that RECONTRUST did not satisfy its obligations under Civil Code section 2923.5 and 2924.

Defendant's reference to the tender rule is inapplicable here since the sale is void, not voidable. Because RECONTRUST is not a nominal party excused from participating in this action and because it was not fraudulently joined, its California citizenship precludes the Court from exercising diversity jurisdiction. Accordingly, because subject matter jurisdiction is lacking, Plaintiff's action should be remanded to state court.

Moreover, the amount in controversy does not exceed the $75,000 threshold. These principles favor remanding this case to state court since BANA has not met their burden of establishing that the court has jurisdiction to hear this action. Lastly, BANA fails to acknowledge that the diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity between the parties **PLUS** an amount in controversy exceeding $75,000, exclusive of interest and costs.

///

///

## III. PLAINTIFF'S COMPLAINT IS NOT REQUESTING AN EXPLICIT MONETARY AMOUNT

The Plaintiff is the master of its' complaint and in his complaint, while Plaintiff may seek a particular amount, it cannot be alleged that is the amount in controversy. An amount in controversy would be over an existing and established loss, past or present, not an abstract projected future loss. Also Defendant can allege that the amount in controversy is equivalent to the amount of the loan and/or value of the subject property, however that is not always the case.

Plaintiff simply seeks fair and just compensation and if the court decided an act of equity is applicable, as provided in the statutes, then it is up to the court to make that decision, not Defendant's. The Plaintiff cited in their motion to remand *Soto v. Litton Loan Servicing,* 2011 WL 724746, at *3 (N.D. Cal. Feb. 22, 2011) plus an additional two in this reply that other district courts have reached the same conclusion with respect to cases involving HAMP loan modifications. See *Moreno v. Select Portfolio Servicing, Inc.,* 2010 WL 2525980, at *8–9 (E.D. Cal. Jun. 23, 2010) (rejecting defendant's argument that amount in controversy was satisfied because the plaintiff was seeking a modification of a $448,000 loan and an injunction to enjoin any foreclosure sale of the property); *Reed v. Chase Home Finance, LLC*, 2001 WL 321737, at *2–4 (S.D. Ala. Jan. 28, 2011) (holding that defendant failed to show amount in controversy requirement was met by the plaintiff's demand for damages stemming from denial of HAMP loan

modification, request to enjoin foreclosure, or the plaintiff's demand for punitive damages).

Here, the Plaintiff is simply seeking reasonable compensatory relief and the courts have concluded the amount of the loan is <u>not</u> the proper value to use to calculate *Federal Jurisdiction*. As such, the Defendant's argument that the loan value is the proper value must fail and this matter should be remanded back to California state court, Orange County.

### IV. THE AMOUNT IN CONTROVERSY IS BELOW FEDERAL THRESHOLD

Plaintiff respectfully again refers the court to *Soto v. Litton Loan Servicing*, supra, where the Plaintiff sought damages stemming from the Defendant's denial of a loan modification after a TPP was in place, but did not assert specific damage figures in its complaint. In that case, as in this one, "Defendant ha[d] not identified any facts regarding the terms of the modification or provided any case law holding that a HAMP loan modification satisfies the amount in controversy requirement." See *Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, at *8–9 (E.D. Cal. Jun. 23, 2010).

Here, the Plaintiff has clearly and unequivocally stated in his complaint that the amount in controversy is below Federal Subject Matter Jurisdiction.

///

///

## V. CONCLUSION

No <u>essential element</u> of federal law exists in this case. Defendant BANA has failed to show by a preponderance of evidence that it meets all the elements of removal pursuant to 28 U.S.C. § 1332. It is clear and evidentiary that Defendant BANA is desperately "grasping at straws" in exhausting all of its' resources available, with the determination to retain this matter under the federal jurisdiction as a schematic approach to have Plaintiff's legitimate causes of action dismissed as soon as possible.

In the present Motion for Remand, the master of the complaint, the Plaintiff, has been specific and succinct in his prayers for relief. It would be unjust for this Honorable Court to tell the State of California how to interpret its laws before giving it chance to do so. The principles of fair play and substantial justice dictate that Plaintiff be allowed to exhaust his State court claims before bringing those claims before the courts of the United States of America.

For all of the foregoing reasons, it is respectfully requested that the Court grant Plaintiff's Motion to Remand and properly return this case to the Orange County Superior Court.

DATED:  February 2, 2015                    LAW OFFICE OF JOHN E. MORTIMER

                                            BY:   /s/ John E. Mortimer
                                                  JOHN E. MORTIMER, ESQ.
                                                  Attorney for Plaintiff,
                                                  EMILIO VASQUEZ