JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 15-0006-DOC (JCGx) | Date: February 23, 2015 |

Title: EMILIO VASQUEZ V. BANK OF AMERICA, N.A., ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

| PROCEEDINGS (IN CHAMBERS): | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [9]; DENYING AS MOOT DEFENDANT'S EX PARTE APPLICATION [17] |
|---|---|

Before the Court is Plaintiff's Motion to Remand (Dkt. 10), Defendant's Motion to Dismiss (Dkt. 9), and Defendant's Ex Parte Application for Leave to File a Sur-Reply (Dkt. 17). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court hereby GRANTS Plaintiff's Motion to Remand and DENIES as moot Defendant's Motion to Dismiss and Defendant's Ex Parte Application for Leave to File a Sur-reply.

## I. Background

### A. Facts

On September 22, 2005, Plaintiff purchased his home located at 16702 Mount Baxter Circle, Fountain Valley, California (the "Property") for $900,000.00. Compl. ¶¶ 11-12. Plaintiff obtained a loan from First Guaranty Financial Corporation ("FGFC") in the amount of $675,000.00, which was secured by a deed of trust over the Property. *Id.* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0006-DOC (JCGx)                       Date: February 23, 2015
                                                                                                                             Page 2

12. Plaintiff recalls making a down payment on the Property of at least $150,000 at the close of escrow. *Id*. ¶ 13.

On November 4, 2011, a Notice of Default was recorded by ReconTrust Company, N.A. ("ReconTrust") for BAC Home Loans Servicing, LP. *Id*. ¶ 18. Also recorded that same day was the assignment of the deed of trust to the Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BNYM"). *Id*. ¶ 19.

On February 10, 2012, ReconTrust recorded a Notice of Trustee Sale against the Property. *Id*. ¶ 24. Plaintiff alleges that the Notice of Trustee's Sale contained a forged signature by the Assistant Vice President of ReconTrust, Rosselin Rincon. *Id*. ¶¶ 30-31. On February 11, 2013, Plaintiff's home was sold at a public auction for $668,000.00. *Id*. ¶ 25.

### B.     Procedural History

On December 1, 2014, Plaintiff filed a complaint in the Orange County Superior Court against Defendants Bank of America, N.A. ("BANA"), BNYM, and ReconTrust, for (1) Cancellation of Instruments Recorded in Violation of California Civil Code § 3412; (2) Quiet Title; (3) Violation of California Civil Code § 2924.10; (4) Violation of California Civil Code § 2923.6; (5) Negligence; (6) Negligent Misrepresentation; (7) Breach of Duty of Implied Good Faith and Fair Dealing; and (8) Violation of California Business and Professions Code § 17200 (Unfair Competition Law or "UCL" claim). *See generally* Compl.

On January 2, 2015, Defendants filed a Notice of Removal and the action was brought before this Court. *See* Notice of Removal. In its Notice of Removal, Defendants state that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. *Id*. ¶¶ 2-17. Both Plaintiff and ReconTrust are citizens of California, but Defendant alleges that ReconTrust's citizenship should be ignored because ReconTrust was fraudulently joined in this action and Plaintiff cannot state a claim against ReconTrust. *Id*. ¶¶ 6-11.

Defendants filed the instant Motion to Dismiss on January 9, 2015 (Dkt. 9). Three days later, Plaintiff filed the instant Motion to Remand (Dkt. 10). On February 4, Defendants filed their Ex Parte Application for Leave to File Sur-Reply to address a new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0006-DOC (JCGx)                                                Date: February 23, 2015

Page 3

argument that Plaintiff raised for the first time in his reply in support of his Motion to Remand (Dkt. 17).

## II.     Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Remand to the state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id*.; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Defendants in this case contend that diversity jurisdiction exists in this case. A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. However,

> [r]emoval is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state a claim against the non-diverse

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0006-DOC (JCGx)                          Date: February 23, 2015
                                                                                                                                    Page 4

defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir.2002).

*Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158-59 (C.D. Cal. 2009).

      There is a "general presumption" that a plaintiff's sole purpose for including a defendant residing in the same state as the plaintiff in the lawsuit is not to defeat diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla*, 697 F.Supp.2d at 1159 (citations omitted). Defendants must also show that, even if plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). Framed another way, "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id*.

### III.   Analysis

      The issue of whether or not this Court has jurisdiction over Plaintiff's claims depends solely on whether there is complete diversity between the parties. Because both Plaintiff and Defendant ReconTrust are citizens of California, the Court must resolve whether ReconTrust is a sham defendant such that ReconTrust's citizenship may be ignored for purposes of diversity jurisdiction analysis. In his Motion to Remand, Plaintiff argues that ReconTrust is not a sham defendant because he has alleged viable claims against ReconTrust. Motion to Remand at 5-9. Defendants' Opposition addresses each of Plaintiff's eight claims in turn in order to show how Plaintiff cannot allege a valid claim against ReconTrust.

      Defendants are correct that Plaintiff cannot bring a quiet title claim against ReconTrust because ReconTrust does not claim any interest in the Property. *See Suelen*, 2013 WL 1320697, at *4; *Morrow v. Wells Fargo Bank*, No. C 12-03045 LB, 2012 WL 5471133, at *5 (N.D. Cal. Nov. 9, 2012). However, Defendants have failed to show that Plaintiff could not amend at least one of his other claims to state a valid claim against ReconTrust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0006-DOC (JCGx)                                         Date: February 23, 2015
                                                                                                                                                Page 5

       Defendants argue that Plaintiff's allegations against ReconTrust primarily focus on its conduct as trustee and that trustees' actions as trustees are privileged. California Civil Code Section 2924(b) establishes that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation, deed of trust, or mortgage." In addition, "[t]he performance of statutorily required non judicial foreclosure procedures is considered privileged communications under the qualified common-interest privilege of California Civil Code Section 47(c)(1)." *Canas v. Citimortgage, Inc.*, No. SA CV 13-00322-DOC, 2013 WL 2468676, at *3 (C.D. Cal. June 7, 2013) (citation omitted). However, a plaintiff can overcome a trustee's immunity from tort liability with a showing of malice or by showing that the trustee went beyond its scope of duties as a trustee. *See id*.

       Here, Plaintiff alleges that ReconTrust recorded a Notice of Trustee's Sale executed with a forged signature by the Assistant Vice President of ReconTrust, Rosselin Rincon. *Id*. ¶¶ 30-31. Plaintiff alleges that "RECONTRUST…knowingly and fraudulently executed and recorded false instruments with the county public records with full knowledge that, in fact, those documents were false when executed and subsequently filed," *id*. ¶ 88, and that the Notice of Trustee's Sale is void due to the fraudulent forgery, *id*. ¶ 33. Plaintiff also names all of the Defendants in his Negligent Misrepresentation claim, Compl. ¶ 76, and states that the "Defendants' neglect and misrepresentation were malicious and oppressive," *id*. ¶ 83.

       Some of these statements are conclusory and the allegations in the Negligent Misrepresentation claim appear focused on BANA's misrepresentations. However, Defendants have not shown that Plaintiff could not amend his complaint such that he could state a valid claim against ReconTrust. In particular, the allegation that Ms. Rincon's signature was forged suggests that ReconTrust may have been acting outside the scope of its duties as a trustee, such that ReconTrust could be held liable for its role in issuing the Notice of Trustee's Sale.[1] Thus, "Defendants have not carried their 'heavy burden of persuasion,' to show to "a near certainty" that joinder was fraudulent and that

---

[1] Despite similar facts, this case can be distinguished from *Canas v. Citimortgage, Inc.*, 2013 WL 2468676, where this Court denied a Motion to Remand because the trustee was immune from tort liability. In that case, the plaintiff "merely allege[d] that [the trustee] recorded an invalid Notice of Default and Notice of Sale" and that the trustee "was acting at the request, and/or benefit of [CitiMortgage] for the sole purpose of collecting on the note." *Id*. at *3. Therefore, the plaintiff failed to show malice on the part of the trustee or that the trustee went beyond its scope of duties. In this case, Plaintiff is alleging that ReconTrust knowingly executed false instruments and misrepresented information.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0006-DOC (JCGx)                                                                Date: February 23, 2015
                                                                                                                                                      Page 6

[Plaintiff] 'has *no actual intention to prosecute* an action' against [ReconTrust]." *Suelen*, 2013 WL 1320697, at *4 (internal citations omitted).

Accordingly, the Court finds that ReconTrust is not a sham defendant, and that Defendants' removal of this action was improper.

### IV. Defendant's Motion to Dismiss and Ex Parte Application

Having granted Plaintiff's Motion to Remand, Defendant's Motion to Dismiss is denied as moot. Defendant's Ex Parte Application to file a sur-reply to Plaintiff's Reply is also denied as moot based on Plaintiff's request that the Court disregard the amount in controversy argument raised for the first time in his reply. *See* Statement of Non-Opposition to Defendant's Ex Parte Application (Dkt. 18), at 2.

### V. Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and DENIES as moot Defendant's Motion to Dismiss and Defendant's Ex Parte Application. Any pending dates are hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                         Initials of Deputy Clerk: djg
CIVIL-GEN